1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KAREEM J. HOWELL,                          Case No.  2:20-cv-01929-JDP (PC)

12              Plaintiff,                       SCREENING ORDER

13        v.                                     ORDER THAT PLAINTIFF:

14   M. ZAYAS, *et al.*,                              (1) NOTIFY THE COURT THAT HE
                                                     WILL PROCEED ONLY ON THE
15              Defendants.                           CLAIMS SANCTIONED BY THIS
                                                     ORDER AND WILL VOLUNTARILY
16                                                   DISMISS ALL OTHER DEFENDANTS
                                                     AND AMEND TO REMOVE ALL
17                                                   OTHER CLAIMS;

18                                                   (2) FILE A FIRST AMENDED
                                                     COMPLAINT; OR
19
                                                     (3) NOTIFY THE COURT THAT HE
20                                                   WISHES TO STAND BY HIS
                                                     COMPLAINT, SUBJECT TO
21                                                   DISMISSAL OF CLAIMS AND
                                                     DEFENDANTS CONSISTENT WITH
22                                                   THIS ORDER

23                                               ECF No. 1

24                                               THIRTY-DAY DEADLINE

25

26        Plaintiff Kareem J. Howell is a state prisoner proceeding without counsel in this civil

27   rights action brought under 42 U.S.C. § 1983.  Plaintiff's complaint, ECF No. 1, is before the

28   court for screening under 28 U.S.C. § 1915A.  He alleges that the defendants violated his First

                                               1

1  Amendment rights by labeling him a 'snitch' in retaliation for his filing of staff complaints and

2  lawsuits against them.  ECF No. 1 at 3.  Plaintiff claims that defendants' actions also violated his

3  Eighth Amendment rights.  *Id.*

4  I find that plaintiff has stated, for screening purposes, cognizable First Amendment

5  retaliation and Eighth Amendment failure to protect claims against defendants Zayas and Konrad.

6  All other defendants and claims will be dismissed with leave to amend for the reasons described

7  below.

8  Additionally, plaintiff has filed an application to proceed in forma pauperis (ECF No. 2)

9  which, together with his trust fund account statement (ECF No. 5), makes the proper showing and

10  will be granted.[1]

11  SCREENING AND PLEADING REQUIREMENTS

12  A federal court must screen a prisoner's complaint that seeks relief against a governmental

13  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

14  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

15  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

16  immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).

17  A complaint must contain a short and plain statement that plaintiff is entitled to relief,

18  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

19  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

20  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

21  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

22  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

23  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

24  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

25  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

26  n.2 (9th Cir. 2006) (en banc) (citations omitted).

27

28  [1] Plaintiff must pay the filing fee in accordance with the concurrently filed collection order.

2

1        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

2  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

3  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

4  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

5  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

6  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

7  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

8  ANALYSIS

9        Plaintiff alleges that, on September 23, 2020, defendant Zayas approached a cell near his

10  and asked the inmate inside whether he wanted to "come out as a witness for the 'snitch' Howell

11  over here in cell # 101."  ECF No. 1 at 3.  The other inmate replied that he would not be a witness

12  for a 'snitch' and that plaintiff would now be targeted for death.  *Id.*  As he was leaving, Zayas

13  told plaintiff that he would not be successful in his suit against defendant Konrad.  *Id.*  Plaintiff

14  alleges that Zayas was acting at Konrad's direction.  *Id.*  Later that day, defendants Konrad and

15  Zayas approached plaintiff's cell and, after acknowledging that he had sued them, told him that

16  "you don't got shit coming."  *Id.* at 4.  These allegations are enough to state a First Amendment

17  retaliation and Eighth Amendment failure to protect claim against both defendants.

18        Plaintiff has not alleged viable claims against the other named defendants—Vitale,

19  Darling, and Spangler.  After reviewing the complaint, I can find no allegations against either

20  Vitale or Darling.  Spangler is only alleged to have denied one of plaintiff's grievances.  *Id.* at 3.

21  That is not enough to state a constitutional claim against him.  *See Ramirez v. Galaza*, 334 F.3d

22  850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his

23  appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement

24  to a specific prison grievance procedure.").  These defendants and the claims against them will be

25  dismissed with leave to amend.

26  LEAVE TO AMEND

27        If he chooses to amend, plaintiff is cautioned that any amended complaint must identify as

28  a defendant only persons who personally participated in a substantial way in depriving him of his

1  constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff may also

2  include any allegations based on state law that are so closely related to his federal allegations that

3  "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).  The amended complaint

4  must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff

5  may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*,

6  507 F.3d 605, 607 (7th Cir. 2007).

7         Any amended complaint must be written or typed so that it so that it is complete in itself

8  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

9  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

10  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

11  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

12  being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

13  1967)).

14         The amended complaint should be as concise as possible in fulfilling the above

15  requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

16  background which has no bearing on his legal claims.  He should also take pains to ensure that his

17  amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

18  and organization.  Plaintiff should consider whether each of the defendants he names had

19  involvement in the constitutional violations he alleges.  A "scattershot" approach in which

20  plaintiff names dozens of defendants will not be looked upon favorably.

21         Accordingly, it is ORDERED that

22         1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

23         2.      Plaintiff's complaint (ECF No. 1) states, for screening purposes, viable First

24  Amendment retaliation and Eighth Amendment failure to protect claims against defendants Zayas

25  and Konrad.

26         3.      All other claims and defendants in the complaint are DISMISSED with leave to

27  amend within thirty days of service of this order.

28

4

1    4.     Within thirty days plaintiff shall return the notice below advising whether he elects

2 to proceed with the cognizable claims identified above or file an amended complaint.  If the

3 former option is selected and returned, the court will enter an order directing service at that time.

4    5.     Failure to comply with any part of this this order may result in dismissal for failure

5 to prosecute.

6 DATED: October 21, 2020

7 _____

8 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | Case No.  2:20-cv-01929-JDP |
| Plaintiff, | NOTICE OF ELECTION |
| v. | |
| M. ZAYAS, *et al.*, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1)  _____   proceed only with the First Amendment retaliation and Eighth Amendment failure to protect claims against defendants Zayas and Konrad.

OR

(2)  _____   delay serving any defendant and files an amended complaint.

_____

Plaintiff

Dated: